**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Barry J. Roy
Counsel to Jay L. Lubetkin, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>EZ MAILING SERVICES, INC.,<br><br>Debtor. | Case No. 19-17900 (SLM)<br><br>Chapter 7 |
| JAY L. LUBETKIN, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>RWC GROUP, LLC,<br><br>Defendant. | Adv. Pro. No. |

**COMPLAINT TO AVOID AND**
**RECOVER PRE-PETITION TRANSFERS**
**AND FOR OTHER RELATED RELIEF**

**JAY L. LUBETKIN,** Chapter 7 Trustee (the "Trustee") for EZ Mailing Services, Inc. (the "Debtor"), by and through his counsel, Rabinowitz, Lubetkin & Tully, LLC, by way of Complaint against RWC Group, LLC (the "Defendant"), seeks to (i) avoid transfers by the Debtor to Defendant as preferential pursuant to 11 U.S.C. § 547; (ii) recover the value of the avoided transfers pursuant to 11 U.S.C. § 550; and (iii) obtain a Bankruptcy Court Order determining that any claims the Defendant may hold against the Debtor's bankruptcy estate are waived, discharged, and barred pursuant to 11 U.S.C. § 502(h).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334(b). Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O). The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§ 547, 548, 550, and 502.

## GENERAL ALLEGATIONS AND BACKGROUND

3. On April 18, 2019 (the "Petition Date"), an involuntary Chapter 11 petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") was filed in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

4. On May 17, 2019, a Consent Order for Relief (the "Order for Relief") was entered by the Bankruptcy Court adjudicating the Debtor as a Chapter 11 debtor.

5. On July 10, 2019, the Debtor's bankruptcy case was converted to Chapter 7 of the Bankruptcy Code.

6. On July 11, 2019, the Trustee was appointed to serve as interim trustee in the Debtor's bankruptcy case. The Trustee continues to serve as Chapter 7 trustee of the Debtor's bankruptcy estate.

7. The Defendant, upon information and belief, is a California limited liability company that maintains an office at 200 Newport Center Drive, #11348, Newport Beach, California.

8. Upon information and belief, the Defendant is in the business of selling and leasing commercial vehicles.

9. Within ninety days of the Petition Date, the Debtor made payments to the Defendant in the aggregate amount of not less than $81,475.62 (the "Transfers"). Upon information and belief, the Transfers were made by the Debtor as follows:

| Date | Amount |
| --- | --- |
| 3/14/2019 | $1,829.38 |
| 3/7/2019 | $13,129.38 |
| 3/19/2019 | $12,762.71 |
| 1/22/2019 | $13,745.16 |
| 3/28/2019 | $10,677.85 |
| 2/13/2019 | $9,854.67 |
| 4/11/2019 | $6,386.69 |
| 1/22/2019 | $8,171.91 |
| 1/30/2019 | $4,917.87 |

## COUNT I

10. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 – 9 as if set forth at length herein.

11. The Transfers were made by the Debtor to the Defendant (a) for the benefit of the Defendant; (b) on account of an antecedent debt owed by the Debtor to the Defendant; (c) while the Debtor was insolvent; and (d) within ninety days of the Petition Date.

12. The Transfers enabled the Defendant to receive more than it would otherwise receive as a creditor of the Debtor had the Transfers not been made.

13. The Transfers were made outside the ordinary course of business or financial affairs of the Debtor, and were not made according to ordinary business terms.

14. Pursuant to Bankruptcy Code Sections 547 and 550, the Trustee may avoid and recover the Transfers.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

  (a) Avoiding the Transfers;

  (b) For damages in amount equal to the value of the Transfers, together with interest and cost of suit;

  (c) Ordering the Defendant to turn over to the Trustee within ten days of judgment an amount equal to the value of the Transfers; and

  (d) Granting such other and further relief that the Court deems just and equitable.

## COUNT II

15. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 – 14 as if set forth herein at length.

16. All of the Transfers were made by the Debtor to the Defendant within ninety days before the Petition Date.

17. At the time each and every one of the Transfers were made, the Debtor was insolvent, evidenced by, *inter alia*, the Debtor's Schedules and Statement of Financial Affairs.

18. The Debtor did not receive adequate value in exchange for the Transfers.

19. At the time the Debtor made the Transfers, the Debtor was engaged in a business for which its remaining assets were unreasonably small in relation to the business.

20. At the time the Debtor made the Transfers, the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur debts beyond the Debtor's ability to pay as they became due.

21. The Defendant is the initial transferee of the Transfers.

22. Pursuant to Bankruptcy Code Sections 548 and 550, the Trustee may avoid and recover the Transfers.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

    (a)    avoiding the Transfers;

    (b)    for damages in amount equal to the value of the Transfers, together with interest and costs of suit;

    (c)    ordering the Defendant to turn over to the Trustee within ten days of judgment an amount equal to the value of the Transfers; and

    (d)    granting such other and further relief that the Court deems just and equitable.

**RABINOWITZ, LUBETKIN & TULLY, LLC**
*Counsel to Chapter 7 Trustee*

By:    /s/ Barry J. Roy
       BARRY J. ROY

Dated: June 3, 2020